UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN B.[1],

                                          Plaintiff,        Case # 19-CV-844-FPG

v.                                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                          Defendant.
_____

### INTRODUCTION

Plaintiff Kevin B. brings this action pursuant to Titles II and XVI of the Social Security Act seeking review of the denial of his application for Social Security Disability ("DIB") and Supplemental Security Income ("SSI") benefits.

Plaintiff applied for SSI on November 2, 2015 and DIB on November 11, 2015, alleging disability due to schizoaffective disorder with psychosis, depression, anxiety, and seizures. Tr.[2] 102, 175-88, 207. After the Social Security Administration ("SSA") denied his application, Plaintiff requested a hearing and testified before an Administrative Law Judge ("ALJ") on March 27, 2018. Tr. 38. On June 19, 2018, the ALJ issued an unfavorable decision. Tr. 15.

Plaintiff sought review from the Appeals Council and submitted additional evidence. Tr. 36. The Appeals Council denied Plaintiff's request for review, Tr. 1, the SSA's decision became final, and Plaintiff appealed to this Court. ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security opinions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify the plaintiff using only the first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 7.

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 18, 19. For the following reasons, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I. District Court Review

When a district court reviews a final decision of the SSA, it does not "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citations omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II. Disability Standard

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of the claimant's

age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Lesterhuis v. Colvin*, 805 F.3d 83, 85 n.2 (2d Cir. 2015); *see also* 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

### I.   The ALJ's Decision

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 20. At step two, the ALJ assessed Plaintiff with the severe mental impairments of schizoaffective disorder, depressive disorder, and seizure disorder. Tr. 20. At step three, the ALJ found that none of Plaintiff's impairments met or medically equaled the criteria of any Listings impairment. Tr. 21. The ALJ then determined that Plaintiff had the RFC to perform a full range of work at all exertional levels but assessed several nonexertional mental limitations. Tr. 22. Specifically, the ALJ found that Plaintiff was limited to performing simple, routine, and repetitive tasks; was limited to simple work-related decisions; could only occasionally respond appropriately to supervisors, coworkers, and the public; and could only occasionally deal with changes in a work setting. Tr. 22. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 28. At step five, the ALJ found that Plaintiff could adjust to other work that exists in significant numbers in the national economy. Tr. 29. Accordingly, the ALJ found that Plaintiff was not disabled. Tr. 30.

### II.  Analysis

Plaintiff argues that the Appeals Council erred by rejecting new evidence—an opinion from Plaintiff's treating psychiatrist—without providing good reasons. The Commissioner counters that the Appeals Council was not obligated to provide good reasons and, in any case, reasonably found that the new opinion evidence would not change the outcome of the case. The Court agrees with Plaintiff.

The Appeals Council must consider additional evidence that a claimant submits after the ALJ's decision as long as the evidence is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."  20 C.F.R. § 404.970(a)(5); § 416.1470(a)(5); *see Lugo v. Berryhill*, 390 F. Supp. 3d 453, 458 (S.D.N.Y. 2019); *Hunter v. Comm'r of Soc. Sec.*, No. 18-CV-1140-FPG, 2019 U.S. Dist. LEXIS 179132, at *3 (W.D.N.Y. Oct. 16, 2019).  Additionally, "when claimants submit to the Appeals Council treating-physician opinions on the nature and severity of their impairments during the relevant period of disability, the treating physician rule applies, and the Appeals Council must give reasons for the weight accorded to that opinion."  *Lalonde v. Comm'r of Soc. Sec.*, No. 6:19-CV-06411 EAW, 2020 U.S. Dist. LEXIS 174420, at *8 (W.D.N.Y. Sep. 23, 2020) (citation and internal quotation marks omitted).

Here, Plaintiff submitted to the Appeals Council a new opinion from his treating psychiatrist, Sanjay Gupta, M.D., which indicated that Plaintiff was "unable to work" due to his "chronic, severe mental health" impairments.  Tr. 36.  The Appeals Council denied Plaintiff's request for review on the basis that Dr. Gupta's opinion did "not show a reasonable probability that it would change the outcome of the decision."  Tr. 2.  The Appeals Council did not otherwise discuss or exhibit Dr. Gupta's opinion.[3]

The Commissioner argues that the Appeals Council was not obligated to provide "good reasons" for rejecting Dr. Gupta's opinion because the SSA's regulations do not require the Appeals Council to explain its evaluation of additional evidence.  ECF No. 19-1 at 9.  This may be true as a general matter.  *See Christine M. R. v. Saul*, No. 3:19CV01752(SALM), 2021 U.S. Dist. LEXIS 7983, at *19 (D. Conn. Jan. 14, 2021) ("In denying review of an ALJ's decision, the Appeals Council

---

[3] Although the Appeals Council did not exhibit Dr. Gupta's opinion, according to Plaintiff, "a copy is fortuitously in the administrative record because it was attached to [Plaintiff's] attorney's correspondence to the Appeals Council." ECF No. 18-1 at 10 n. 7.

is not obligated to explain the weight it assigns to any newly submitted evidence."). However, "[t]here is one notable exception to this general rule. When the evidence submitted to the Appeals Council constitutes the opinion of plaintiff's treating physician, 'the Appeals Council must give good reasons for the weight it assigns to' that opinion.'" *Id.* at *20 (quoting *Shrack v. Astrue*, 608 F. Supp. 2d 297, 302 (D. Conn. 2009)).

Here, it is undisputed that Dr. Gupta was Plaintiff's treating psychiatrist. He treated Plaintiff for approximately a year before rendering his opinion. Accordingly, the Appeals Council should not have rejected Dr. Gupta's opinion without offering good reasons, and its boilerplate explanation for doing so was insufficient. *See Hunter*, 2019 U.S. Dist. LEXIS 179132, at *4 ("The treating physician rule applies both to the ALJ and the Appeals Council. Consequently, like the ALJ, the Appeals Council must provide an 'explicit analysis' of the treating physician's opinion and cannot reject it with boilerplate language." (internal citations omitted)).

The Commissioner also argues that the Appeals Council's failure to provide good reasons does not require remand because the Appeals Council reasonably concluded that Dr. Gupta's opinion did not show a reasonable probability that it would change the outcome of the decision. In particular, the Commissioner asserts that Dr. Gupta's opinion would not have changed the outcome of the decision because it was merely a conclusory statement that Plaintiff was unable to work—an issue reserved for the Commissioner to decide—and did not include a functional assessment.

The Court declines to engage with this argument in depth because it relies on the Commissioner's post hoc rationalizations. *See Hunter*, 2019 U.S. Dist. LEXIS 179132, at *7 ("[T]he Commissioner cannot substitute her own rationale when the Appeals Council failed to provide one."); *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's post hoc rationalizations for agency action."). Moreover, the Appeals Council was still required to give good reasons for rejecting Dr. Gupta's opinion, even though he did

conclusorily opine on an ultimate issue reserved to the Commissioner.  "Indeed, the Appeals Council, like the ALJ, is required to provide "good reasons" for rejecting treating-source opinions—even laconic opinions."  *Schramm v. Colvin*, No. 13-CV-806S, 2014 U.S. Dist. LEXIS 129012, at *6 (W.D.N.Y. Sep. 13, 2014).  And "[a]lthough it is true that 'reserving the ultimate issue of disability to the Commissioner relieves the Social Security Administration of having to credit a doctor's finding of disability, it does not exempt administrative decisionmakers from their obligation . . . to explain why a treating physician's opinions are not being credited.'"  *Id.* at *7 (W.D.N.Y. Sep. 13, 2014) (quoting *Snell*, 177 F. 3d 128 at 134)).  In other words, "[t]he Appeals Council was free to reject Dr. [Gupta's] conclusory opinion.  But in making that decision, it had to at least address the opinion and offer its rationale for doing so."  *Id.*  Accordingly, the Court agrees with Plaintiff that remand is required.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings, ECF No. 18, is GRANTED, the Commissioner's motion, ECF No. 19, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 9, 2021
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court